UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:19-CR-51 |
| v. ) | |
| ) | JUDGE JORDAN |
| DUSTIN HAMLIN ) | |

## PLEA AGREEMENT PURSUANT TO FRCP 11(c)(1)(C)

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, DUSTIN HAMLIN, and the defendant's attorney, Joseph O. McAfee, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to an information charging the defendant with the following offense(s):

    a) Count 1, knowingly being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

    The punishment for this offense is as follows: a maximum of 10 years imprisonment, a maximum fine of $250,000.00, a maximum of 3 years supervised release, and $100.00 mandatory assessment for each count.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the indictment against the defendant in case number 2:19-CR-51.

3. The defendant has read the information, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows: 18 U.S.C. § 922(g)(1), knowing possession of a firearm by a convicted felon.

1

The elements, after *Rehaif*, of the offense for 18 United States Code, § 922(g)(1) are as follows: a) that the defendant has been convicted of a crime punishable by imprisonment for more than one year; b) that the defendant, following his conviction, knowingly possessed a firearm specified in the indictment; c) that at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year d) that the specified firearm crossed a state line prior to the alleged possession. The firearm was manufactured in a state other than Tennessee.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a. On February 19, 2019, defendant, Dustin Hamlin, burglarized a home and took with him several items including a Remington, model 597, .22 caliber rifle. Officers stopped an SUV matching the description of the vehicle used in the burglary, where the defendant was riding as a passenger, a short time after the burglary. The car was driven by a female acquaintance of the defendant. Although most items listed by the victim of the burglary were in possession of the defendant, the firearm was not found at that time. However, the driver of the vehicle admitted that a few minutes before they were stopped by the officers, defendant had tossed the firearm out of the vehicle. Officers found the firearm on Sunnydale Road, the location given by defendant's female acquaintance. Defendant later admitted to having stolen the firearm and that he had thrown it out of the vehicle before being stopped by the officers. The victim of the burglary identified the defendant and his ~~attorney~~ acquaintance SM OH during a show-up after they were stopped.    JM OH

b. Defendant has a criminal record that include several felonies, including:

| Conv. Date | Charge | Location | Sentence | Case No. |
|---|---|---|---|---|
| 1/30/13 | Att Aggravated Burglary | Green Co. Criminal Court | 3 years TDOC | 12CR191 |
| 5/16/14 | Vandalism [$1k to $10k] [count 1&3] | Green Co. Criminal Court | 2 years TDOC | 13CR708 |
| 5/16/14 | Vandalism [$1k to $10k] [count 2-3] | Green Co. Criminal Court | 2 years TDOC | 12CR708 |
| 5/16/14 | Vandalism [$500 to $1k] [count 1-2] | Green Co. Criminal Court | 1 year TDOC | 13CR708 |
| 5/16/14 | Burglary Auto [count 2-3] | Green Co. Criminal Court | 1 year TDOC | 14CR137 |
| 5/16/14 | Forgery [up to $1k] [count 1-2] | Green Co. Criminal Court | 1 year TDOC | 14CR137 |
| 10/6/17 | Theft [over $2,500, less than $10k] | Green Co. Criminal Court | 3 years TDOC | CC17CR454 |
| 10/06/17 | Burglary Auto | Green Co. Criminal Court | 1 year TDOC | CC17CR452 |
| 10/06/17 | Forgery [up to $1k] [count 2] | Green Co. Criminal Court | 1 year TDOC | CC17CR453 |

c. The defendant agrees that he possessed the firearm charged in the information on the date charged, and that he knew on that date that he had been convicted of a crime punishable for imprisonment for a term exceeding one year.

d. The Remington, model 597, .22 caliber rifle, was not manufactured in the State of Tennessee and therefore affected interstate commerce a firearm.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

   a) the right to be indicted by a grand jury for these crimes;

   b) the right to plead not guilty;

   c) the right to a speedy and public trial by jury;

   d) the right to assistance of counsel at trial;

3

  e)  the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

  f)  the right to confront and cross-examine witnesses against the defendant;

  g)  the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

  h)  the right not to testify and to have that choice not used against the defendant.

6.  Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of 92 months in prison followed by a 3-year term of supervised release is the appropriate disposition of this case. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7.  The defendant agrees to pay the special assessment in this case prior to sentencing.

8.  Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the

Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

9. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

*JM OK*

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

10. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for

any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

11. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

12. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

DATE: 11-20-2019    By: *(signature)*
ROBERT M. REEVES
Assistant United States Attorney

_11/19/19_
Date

_(signature)_
DUSTIN HAMLIN
Defendant

_11/19/19_
Date

_(signature)_
JOSEPH O. MCAFEE
Attorney for the Defendant

8